HARDY, Judge.
This is a compensation claim on behalf of plaintiff wife, who is joined by her husband seeking to recover medical expenses, and they have appealed from judgment rejecting their demands.
Plaintiff wife, Edith Wallace, was employed by the Twin City Poultry Company, owned and operated by the defendant, Gentry, and she contends that she sustained an injury to her back as the result of an accident incurred in the course of her employment on Thursday, April 13, 1961. On behalf of defendant employer 'and his insurer it is asserted that the plaintiff has failed to establish the occurrence of the accident to which she attributes her back condition. Unquestionably, this is the controlling issue presented by this appeal and is purely factual in nature.
The defendant, Gentry, owned and operated a business engaged in the dressing and marketing of poultry, and some 20 to 25 employees were ordinarily engaged in this work. The operation was conducted on a sort of assembly line basis which was located in one room approximately 22 feet wide by 25 feet in length. Chickens and other fowl were processed by means of an assembly line located over a table some three feet in width. The live fowls were hung on shackles at one end of the line and as they moved around the table they were killed, picked and drawn, finally emerging at the end of the assembly line completely prepared for marketing. On the day of the alleged accident, Mrs. Wallace was assigned to those employees working on the assembly line who were engaged in “gutting” the chickens. According to her testimony, immediately after the morning coffee break, as she returned to her position at the assembly line, she stepped up on a coca cola box, which was one of a number of such boxes on the platform around the processing table, her foot slipped from the slick surface of the box and became wedged in an interstice of the platform. The witness further testified that she had some difficulty in *67 extricating her foot and immediately felt a sharp pain in her back, which subsequently caused the disability for which she claims compensation. This plaintiff asserted that she immediately informed certain of her co-workers as to the accident and shortly thereafter complained of the pain in her back, but, admittedly, she made no report of the occurrence until several days later, despite the fact that there was a well recognized company and labor union rule requiring an immediate report even of minor accidents. It was established on trial that plaintiff, as well as her fellow employees, were members of a strong labor union, and, as a matter of fact, she attended a meeting of the union on the very night following the occurrence of the accident. It was on this occasion, so plaintiff testified, that she informed a number of her friends, who accompanied her to this meeting, as to her accident and injury.
Plaintiff’s story, standing alone and un-rebutted, would likely serve to establish the occurrence of the accident. However, it is worthy of particular note that on trial of the case plaintiff tendered only one of her fellow workers as a witness in her behalf, and this witness squarely contradicted plaintiff’s testimony. It must be borne in mind that plaintiff was one of some 20 or more employees working in close quarters about a rounded table some 16 feet in length and three feet in width. It is only reasonable to assume that if plaintiff made any mention of the alleged accident or any complaint of pain, such comments could and would have been heard by a number, if not all, of her fellow employees. Yet on trial of the case, defendants produced sixteen of plaintiff’s fellow employees, who uniformly testified that plaintiff had made no mention of the accident nor of any injury resulting therefrom. Similarly, the individuals who accompanied plaintiff to the union meeting squarely and positively denied that she made any mention to them of any accident or injury. The testimony of this unusually large number of witnesses is made more credible in view of the fact that only one of them, at the time of trial of the case, was employed by the defendant, and, for this reason, any charge of bias cannot reasonably be considered. Some time subsequent to the date upon which plaintiff claimed to have sustained the accident, the plant was destroyed by fire, was not rebuilt, and defendant’s employees scattered to other occupations.
The examination of the record in this case so overwhelmingly negates plaintiff’s claims as to the occurrence of an accident that we think indulgence in further details would be mere redundancy.
For the reasons assigned, the judgment appealed from is affirmed at appellants’ cost.